**Erik Manfredo De Leon MAZARIEGO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73778.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 18, 2004.

Erik Manfredo De Leon Mazariegos, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Of-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

fice of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew M. Eschen, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

### MEMORANDUM **

Erik Manfredo De Leon Mazariego, a native and citizen of Guatemala, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and reverse only if the evidence compels a contrary result, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The IJ properly concluded that Mazariego failed to establish past persecution because he testified that he was only threatened by Guatemalan guerillas. *See Lim v. INS*, 224 F.3d 929, 936–37 (9th Cir.2000).

Substantial evidence supports the IJ's individualized determination that changed country conditions in Guatemala undermined Mazariego's fear of future persecution. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000–01 (9th Cir.2003).

Because Mazariego did not establish eligibility for asylum, it follows that he failed

to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Mazariego's contention that the BIA's decision without opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

